```
 1                IN THE UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF ARKANSAS
 2                         WESTERN DIVISION

 3   UNITED STATES OF AMERICA,

 4                    Plaintiff,

 5    v.                                  No. 4:11CR00062-2 BRW

 6                                         April 6, 2012
                                           Little Rock, Arkansas
 7                                         10:30 a.m.
     GARY DODSON,
 8
                      Defendant.
 9

10                  TRANSCRIPT OF SENTENCING HEARING
                    BEFORE THE HONORABLE BILL WILSON,
11                    UNITED STATES DISTRICT JUDGE

12                    _____

13   APPEARANCES:

14   On Behalf of the Government:

15       JOHN RAY WHITE, Assistant U.S. Attorney
            U.S. Attorney's Office
16          425 West Capitol Avenue, Suite 500
            Post Office Box 1229
17          Little Rock, Arkansas  72201-1229

18       CINDY CHUNG, Assistant U.S. Attorney
            U.S. Department of Justice-Civil Rights-Criminal Section
19          950 Pennsylvania Avenue NW, Room 5134
            Washington, DC  20530
20
     On Behalf of the Defendant:
21
         STEVEN RAY DAVIS, Attorney at Law
22          Post Office Box 1801
            North Little Rock, Arkansas  72115-1801
23
          Proceedings reported by machine stenography and displayed
24   in realtime; transcript prepared utilizing computer-aided
     transcription.
25
```

P R O C E E D I N G S

(Proceedings commencing in open court at 10:30 a.m.)

1    THE COURT:  We're here today for sentencing in
United States against Gary Dodson, Case Number 4:11CR00062-02
BRW.  Mr. Dodson is here with his lawyer, Mr. Davis.  The
prosecution is represented by Ms. Cindy Chung and Mr. John Ray
White.  We're here for sentencing under the guidelines.  Are
the parties ready?

MR. WHITE:  Government's ready, Your Honor.

MR. DAVIS:  Ready for the defendant, Your Honor.

THE COURT:  I'm going to go over the background
here.  Jason Barnwell, Gary Dodson, Jake Murphy, Dustin
Hammond, and Wendy Treybig were charged in a 7-count
indictment.  Gary Dodson, Jason Barnwell, Jake Murphy, and
Dustin Hammond were charged with Count 1, conspiracy against
rights, a violation of 18, United States Code, Section 241;
Count 2, aiding and abetting an attempt to intimidate with the
use of a dangerous weapon and fire, a violation of 42, U.S.C.,
Section 3631 and 18, U.S.C., Section 2; Count 3, aiding and
abetting the possession of an unregistered destructive device,
a violation of 26, United States Code, Section 5861(d) and 18,
U.S.C., Section 2; Count 4 -- I believe Mr. Dodson pled guilty
to those first three counts of the indictment.  Is that
correct?

MR. WHITE:  It is, Your Honor.

1          THE COURT:  All right.  I'm not going to summarize
2    the other counts.  December 7th, 2011, Mr. Dodson appeared here
3    with Mr. Davis, and based on a Rule 11(c)(1)(A) and B of the
4    Federal Rules of Criminal Procedure, a written plea agreement,
5    under a written plea agreement, Mr. Dodson pled guilty to
6    Counts 1, 2, and 3 summarized above.  The remaining counts were
7    dismissed on motion of the prosecution.  The parties stipulated
8    as follows:  A base offense level of 24 for Counts 1 and 2, a
9    three-level enhancement pursuant to Section 3A1.1(a) of what?
10          THE PROBATION OFFICER:  Your Honor, it was paragraph
11   20 and it refers to the victims in this case being selected
12   because of the mixture of race.  It's located in paragraph 20.
13          THE COURT:  What's that section from?
14          THE PROBATION OFFICER:  It's from the U.S.
15   guidelines.
16          THE COURT:  Okay.  That's what I thought, but it's
17   not specified in my outline here.  A two-level enhancement
18   pursuant to Section 3B1.1(c), a base offense level for Count 3
19   determined under Guideline Section 2K2.1, no reduction for
20   acceptance of responsibility pursuant to Section 3E1.1(a).  The
21   parties agreed to jointly recommend that the defendant receive
22   180 months imprisonment.  Mr. Dodson, are you satisfied with
23   Mr. Davis as your lawyer?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  100 percent?

1          THE DEFENDANT:  100 percent.

2          THE COURT:  Do you want to withdraw the plea that

3   you entered on December 7th of last year?

4          THE DEFENDANT:  No, Your Honor, I'm ready to proceed

5   with that plea.

6          THE COURT:  In determining a sentence, I'll consider

7   the factors listed in 18, United States Code, Section 3553 and

8   the sentencing guideline provisions and any statute that may be

9   applicable.  We'll determine the guideline range which is a

10  guideline only and I will take it into consideration as a

11  guideline.  Have both sides had all the time they need to go

12  over the presentence report?

13          MR. WHITE:  Yes, for the government, Your Honor.

14          MR. DAVIS:  Yes, Your Honor.

15          THE COURT:  Are there any objections?

16          MR. DAVIS:  None for the defendant, Your Honor.

17          MR. WHITE:  No, Your Honor.

18          THE COURT:  All right.  I'll adopt the presentence

19  report.  If either side appeals my sentence, it will be

20  released to the lawyers for the parties without further orders

21  of the Court.  We'll work through the presentence report and

22  then Mr. Davis will get to speak on Mr. Dodson's behalf, and,

23  Mr. Dodson, if you want to, you can speak on your own behalf.

24  But if you don't want to, you don't have to.  And I won't hold

25  it against you for not speaking.  It's 100 percent up to you.

1    If I forget to call on you after Mr. Davis speaks, and you want

2    to speak, get my attention.  And then after that, Ms. Chung or

3    Mr. White will get to close for the prosecution.

4         I'm going to go over how the guideline range is

5    determined.  Y'all follow along with me and catch me if I'm

6    wrong.  Counts 1 and 2 are grouped under Guideline Section

7    3D1.2(a) as the offense involves the same victims, and the acts

8    were part of a single criminal episode.  The base offense level

9    under the guidelines is 24.  Victim-related adjustment since

10   the victims in this case were selected based on their mixture

11   of race gets a three-level enhancement under Guideline Section

12   3A1.1(a).  Role in the offense, the defendant was organizer or

13   leader, and under Guideline Section 3B1.1(c), gets a two-level

14   enhancement.  The base offense level for Count 3 under the

15   guidelines is 22.

16        Multiple count adjustment, Counts 1 and 2 adjusted

17   offense level of 29 equals one unit.  Count 3 adjusted offense

18   level is 22.  That gets a half unit.  Total number of units,

19   one and a half.  Greater of the adjusted offense levels above

20   is 29.  Increase in offense level under Section 3D1.4 is 1.

21   Total offense level is 30.  The parties agree with that?

22             MR. WHITE:  Yes, Your Honor.

23             MR. DAVIS:  Yes, Your Honor.

24             THE COURT:  All right.  According to the presentence

25   report, total history score of 14.  That puts him in criminal

1    history category of Roman numeral VI.  Possible fines and

2    imprisonment, maximum statutory imprisonment is ten years for

3    each count.  Under the guidelines, based on a total offense

4    level of 30 and a criminal history category of VI, the

5    guideline imprisonment range is 168 to 210 months.  168 to 210

6    months.  Supervised release under the statute, not more than

7    three years.  Guideline, not less than one year, not more than

8    three years.  Probation is not applicable under the guideline

9    or statute.  The financial report indicates that he would not

10   be able to make a lump sum payment or installment payment on a

11   fine so there'll be no fine.  Restitution is in the amount of

12   $1,500.  That's mandatory.  That'll be joint and several as

13   I'll point out in my order, in my sentencing order.  Is there

14   anything else we need to tend to before I call on Mr. Davis?

15             MR. WHITE:  I don't believe so, Your Honor.

16             THE COURT:  Mr. Davis, y'all can come forward, or

17   y'all can speak from there if you want to.

18             MR. DAVIS:  I'd rather come forward if that's all

19   right, Your Honor.

20             THE COURT:  Okay.

21             MR. DAVIS:  Your Honor, may it please the Court.

22   I've had an opportunity to review the plea agreement and the

23   plea agreement stated that we would jointly recommend to you a

24   sentence of 15 years.  I don't see any exceptions in the plea

25   agreement for anything that may or may not have happened since

then.  I think the Court may be aware there was an incident
that happened in the Dallas County jail at some point, I think
about a month ago or something like that.  It appears that
somebody may have been planning an escape attempt and there was
an attempt to -- a plot to --

       THE COURT:  I've read that in the presentence
report.  Let me ask the prosecution.  Are y'all going to ask
for anything above 180 months because of this?

       MR. WHITE:  Are not going to, Your Honor.  And I
have my witness as well as a video here, but because Mr. Davis
did not object to the factual statement in the presentence
report, I didn't intend to put that on.  I can if it's
significant to the Court.

       THE COURT:  Are state charges pending?

       MR. WHITE:  Yes, Your Honor.

       MR. DAVIS:  Yes, they are.

       THE COURT:  All right.

       MR. DAVIS:  Anyway, I understand we have an
agreement for 180 months, which is a significant amount of
time.  Mr. Dodson has expressed remorse to me for his
involvement in this incident.  And I don't want to make him out
to be the victim in this because the people who were injured
suffered a serious injury as a result of this.  Mr. Dodson does
have a substance abuse problem.  He was drinking, he was high
on alcohol at the time this happened.

1             THE COURT:  Homemade wine?

2             MR. DAVIS:  That was at the jail I believe.  I think

3 they were drinking Jagermeister at the time this offense

4 occurred, some kind of beer or malt liquor or something like

5 that.  But he does have a problem with alcohol.  He indicated

6 to me that several of these offenses, the previous offenses

7 that he committed happened while he was under the influence.

8 And I would hope the Court would consider in a sentence

9 directing him to participate in a substance abuse program while

10 he's incarcerated.  And I believe that's about all we have to

11 say, Your Honor.

12             THE COURT:  Mr. Dodson, would you like to say

13 anything?  It's 100 percent up to you.

14             THE DEFENDANT:  No.  I concur with what my attorney

15 said.

16             MR. DAVIS:  Thank you, Your Honor.

17             THE COURT:  Y'all just stand there a minute and

18 we'll see what the prosecution has to say.

19             MR. WHITE:  Thank you, Your Honor.  I would just

20 recommend to the Court consistent with our plea agreement that

21 the Court sentence Mr. Dodson to 180 months in the Bureau of

22 Prisons.  I think that is midway between in the guideline range

23 and is an appropriate sentence based on the violence, the

24 identity of the victims in this case, the nature of his

25 conduct.  I do think that even if Mr. Dodson has expressed

1    remorse to Mr. Davis, I'll tell the Court that there -- my

2    agent has heard phone calls since he's been in the jail where

3    it doesn't sound as though he's remorseful over the way that

4    his world view or the conduct that he engages in that's

5    consistent with his world view.  And that's been continuing.

6           THE COURT:  What do the victims think about 180

7    months?

8           MR. WHITE:  Your Honor, at the time that we were

9    about to go to trial and were discussing with the defendant and

10   Mr. Davis the offer that we were going to make, the victims

11   were wholly in support of the offer that we made and the

12   recommendation that we intended to make to the Court.

13          THE COURT:  You haven't heard anything to the

14   contrary since then?

15          MR. WHITE:  Correct, Your Honor.  We have had

16   continuing conversation with the victims and they expect the

17   recommendation to remain the same.

18          THE COURT:  All right.  Mr. Dodson is committed to

19   the Bureau of Prisons for imprisonment for a term of -- is that

20   15 years?  120 months --

21          MR. DAVIS:  180 months.

22          THE COURT:  180 months is 15 years on Counts 1 and 2

23   to run concurrently with one another and 60 months on Count 3

24   to run consecutive.  Well, we get 120 for the first two and

25   then 60 for the others which makes it a total of 180 months.

1   And I recommend that he participate in substance abuse

2   treatment, mental health counseling, which would include anger

3   control, anger management and educational and vocational

4   programs during incarceration.  Supervised release, three years

5   on each count to run concurrently is imposed with the following

6   special conditions.  He'll have to participate under the

7   guidance of the probation office in a substance abuse treatment

8   program which may include testing, outpatient counseling, and

9   residential treatment.

10          Further, he must abstain from the use of alcohol, can't

11  use any alcohol whatsoever throughout the course of any of this

12  treatment.  This is because of his alcohol abuse which is

13  indicated in the presentence report.  He'll have to cooperate

14  in the collection of DNA as directed by the probation officer.

15  He must participate in mental health counseling under the

16  guidance and supervision of the U.S. probation office.  He must

17  disclose any and all financial information required by the

18  probation office.  No new line of credit can be established

19  without prior approval of the probation office until all

20  criminal penalties have been satisfied.  Restitution in the

21  amount of $1,500 at an address to be provided by the U.S.

22  Attorney's office either today or soon hereafter and it's

23  payable during incarceration and supervised release.  During

24  incarceration, he'll pay 50 percent per month of all funds that

25  are available to him.  During residential reentry placement,

1   payments will be reduced to 10 percent of his gross monthly

2   income.  Beginning the first month of supervised release,

3   payments will be 10 percent per month of his gross monthly

4   income.

5        The interest requirement is waived.  Restitution is joint

6   and several with Jason Barnwell, Jake Murphy, Dustin Hammond,

7   Wendy Treybig and any other person who has been or will be

8   convicted on an offense for which restitution to the same

9   victim on the same loss is ordered.  The last sentence, is

10  there anybody else out there that y'all expect to be a

11  defendant?

12             MR. WHITE:  No, Your Honor.

13             THE COURT:  I didn't think so.  Any objections to

14  the form of the sentence?

15             MR. DAVIS:  No, Your Honor.

16             MR. WHITE:  No, Your Honor.

17             THE COURT:  $300.  There's a 100-dollar special

18  penalty assessment which is mandatory, $100 on each count.

19  That's due and payable.  Mr. Dodson, you have a right to appeal

20  if you think your guilty plea was somehow involuntary or if

21  there was a fundamental defect in the proceeding which was not

22  waived by your guilty plea.  You also could appeal my sentence

23  if you feel like that it's outside of the guidelines or the

24  statutes.  You must file your notice of appeal within 14 days

25  of the judgment and commitment order being entered in your

1   case.  If you don't file it within 14 days, you almost always
2   lose your right to appeal.
3        If you can't afford a lawyer, which the financial report
4   indicates that you can't, you can ask for appointment of a
5   lawyer and if he wants to appeal your sentence or your
6   conviction, you can notify the clerk and the clerk will file a
7   notice of appeal on your behalf.  Is there anything else we
8   need to tend to this morning?
9            MR. WHITE:  Not for the government, Your Honor.
10           MR. DAVIS:  No, Your Honor.
11           THE COURT:  Thank y'all for your time.  We're in
12  recess.
13       (Proceedings adjourned at 10:48 a.m.)
14                  C E R T I F I C A T E
15     I, Karen Baker, Official Court Reporter, do hereby certify
16  that the foregoing is a true and correct transcript of
17  proceedings in the above-entitled case.
18
19  /s/ Karen Baker, RMR, CRR, CCR
    --------------------------------      Date: June 18, 2015
20  United States Court Reporter
21
22
23
24
25